JUDGE GRIESA

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
450 7th Avenue, Suite 2601
New York, New York 10123
212-425-2600

10 CV 8122



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KAMEL PRUDE, Individually And On Behalf Of
All Other Persons Similarly Situated,

                           *Plaintiffs*,

      -against-

PTM MANAGEMENT CORPORATION d/b/a
PROFESSIONAL TRANSIT, and ROBERT MANN,

                        *Defendants*.
---------------------------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

### NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive over time premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, KAMEL PRUDE ("PRUDE"), was, at all relevant times, an adult individual, residing in the State of New York, County of Kings.

7. Upon information and belief, PTM MANAGEMENT CORPORATION ("PTM") the defendant herein, at all times hereinafter mentioned, was and still is, an organization, duly organized and existing under and by virtue of the laws of the State of New York, duly engaged in business in the State of New York, with its principal place of business at 94-01 150th Street, Jamaica, New York 11435. PTM is a privately owned company that has been contracted by the New York City Transit Authority Access-A-Ride, and was responsible for managing Plaintiff and was also responsible for paying Plaintiff's wages.

8. Upon information and belief, ROBERT MANN ("MANN"), the defendant herein, owns, operates and controls the day-to-day operations and management of Defendant PTM.

9. Upon information and belief, Defendant MANN acted intentionally and

2

maliciously, is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is thus jointly and severally liable with Defendant PTM.

10. Defendant MANN's home address is presently unknown to Plaintiff PRUDE but his business address is the same as Defendant PTM.

11. Both Defendants, either directly or indirectly, controlled Plaintiff PRUDE's work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding his employment.

**THE FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Pursuant to 29 U.S.C. § 207, Plaintiff PRUDE seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant PTM at any time since October 26, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek (the "Collective Action Members").

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant PTM, upon information and belief, there are hundreds of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, assess to attorneys or knowledge of their claims.

3

4

14. Plaintiff PRUDE will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff PRUDE has no interest that is contrary to or in conflict with those members of this collective action.

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, insamuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant PTM has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff PRUDE and other Collective Action Members are:

    a. Whether Defendant PTM employed the Collective Action Members within the meaning of the FLSA;

    b. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. Whether Defendant PTM failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

    d. Whether Defendant PTM failed to pay the Collective Action Members

5

overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

e. Whether Defendant PTM's violations of the FLSA are willful as that term is used within the context of the FLSA;

f. Whether Defendant PTM is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. Whether Defendant PTM should be enjoined from such violations of the FLSA in the future.

17. Plaintiff PRUDE knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiff PRUDE brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff PRUDE brings his New York Labor Law claim on behalf of all persons who were employed as dispatchers by Defendant PTM at any time since October 26, 2004, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant PTM as exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

20. As the members of the Class are numerous and of an unknown number, joinder of

9

all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant PTM, upon information and belief, there are hundreds of members of the Class during the Class Period.

21. The claims of Plaintiff PRUDE are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

22. Defendant PTM has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23. Plaintiff PRUDE is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

24. Plaintiff PRUDE has the same interests in this matter as all other members of the Class and Plaintiff PRUDE's claims are typical of the Class.

25. There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

    a. Whether Defendant PTM employed the members of the Class within the meaning of the New York Labor Law;

    b. Whether Defendant PTM's dispatchers were improperly and uniformly classified as exempt in violation of the New York Labor Law;

c. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. Whether Defendant PTM failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

e. Whether Defendant PTM is liable for all damages claimed hereunder, including but not limited to compensatory, punitive ad statutory damages, interests, costs and disbursements and attorneys' fees; and

f. Whether Defendant PTM should be enjoined from such violations of the New York Labor Law in the future.

26. This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of Defendant PTM, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant PTM who opposes the Class.

28. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the

7

11/05/2010 12:12 FAX  6469644956        JEFFREY TODD LEGAL                    ☐008/013
Case 1:10-cv-08122-JPO-HBP   Document 1   Filed 10/26/10   Page 8 of 13

8

Class have been damaged and are entitled to recovery as a result of Defendant PTM's common and uniform policies, practices, and procedure that violate the New York Labor Laws.

**FACTUAL ALLEGATIONS**

29.   Plaintiff PRUDE was employed as a dispatcher for Defendant PTM from in or about June 2007 until in or about August 2010.

30.   Plaintiff PRUDE's work was performed in the normal course of Defendant PTM's business and was integrated into the business of Defendant PTM.

31.   The work performed by Plaintiff PRUDE required little skill and no capital investment. His duties did not include managerial responsibilities or exercise of independent judgment.

32.   Plaintiff PRUDE often worked in excess of forty (40) hours a week, yet Defendant PTM willfully failed to pay Plaintiff PRUDE overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York Labor Law.

33.   Throughout Plaintiff PRUDE's tenure with Defendant PTM and, upon information and belief, both before that time and continuing until today, Defendant PTM has likewise employed other dispatchers like Plaintiff PRUDE (the Collective Action Members/the Class). Like Plaintiff PRUDE, they too do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

34.   Such individuals have worked in excess of forty (40) hours a week, yet Defendant PTM has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

35.   As stated, the exact number of such individuals is presently unknown, but is

11/05/2010 12:13 FAX 6469644956       JEFFREY TODD LEGAL                ☑ 009/013
Case 1:10-cv-08122-JPO-HBP   Document 1   Filed 10/26/10   Page 9 of 13

6

within the sole knowledge of Defendant PTM and can be ascertained through appropriate discovery.

36. Throughout all relevant time periods, upon information and belief, Defendant PTM failed to post to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

37. During the course of Plaintiff PRUDE's own employment, and while Defendant PTM employed Plaintiff PRUDE and the Collective Action Members/the Class, Defendant PTM failed to maintain accurate and sufficient time records.

38. Defendant PTM knew the nonpayment of overtime would economically damage Plaintiff PRUDE and violate Federal and New York State labor laws.

39. Plaintiff PRUDE will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

40. Plaintiff PRUDE will also move the Court to order Defendant PTM to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former dispatchers of Defendant PTM.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Pay Overtime**

41. Plaintiff PRUDE, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

42. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the

10

meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed, and/or continued to employ, Plaintiff PRUDE and each of the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

45. Plaintiff PRUDE consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

46. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its dispatchers for their hours worked in excess of forty (40) hours per workweek.

47. As a result of Defendants' willful failure to compensate its dispatchers, including Plaintiff PRUDE and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. As a result of Defendants' failure to record, report, credit and/or compensate its dispatchers, including Plaintiff PRUDE and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. At all relevant times, Defendants acted in reckless disregard of the applicable

provisions of the FLSA and the regulations of the U.S. Department of Labor.

51.     Due to Defendants' willful violation of the FLSA, Plaintiff PRUDE, on behalf of himself and the Collective Action Members, is entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York State Labor Law – Failure to Pay Overtime

52.     Plaintiff PRUDE, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

53.     At all relevant times, Plaintiff PRUDE and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

54.     Defendants willfully violated Plaintiff PRUDE's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

55.     Defendants' New York State Labor Law violations have caused Plaintiff PRUDE and the members of the Class, irreparable harm for which there is no adequate remedy at law.

56.     Due to Defendants' New York State Labor Law violations, Plaintiff PRUDE and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

11

**WHEREFORE,** Plaintiff PRUDE, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff PRUDE and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff PRUDE and his counsel to represent the Collective Action Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as

12

## JURY DEMAND

57.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff PRUDE demands a trial by jury on all issues raised in this action.

provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         October 26, 2010

By: _____
    Walker G. Harman, Jr., Esq. [WH-8044]
    THE HARMAN FIRM, P.C.
    *Attorneys for Plaintiffs*
    450 7th Avenue, Suite 2601
    New York, New York 10123
    212-425-2600

13